[Civ. No. 20358. First Dist., Div. Three. May 31, 1962.]

AMERICAN CAN COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WARREN S. WRIGHT, Respondents.

*Assigned by Chairman of Judicial Council.

John P. Macmeeken and Chickering. & Gregory for Petitioner.

Everett A. Corten and Rupert A. Pedrin for Respondents.

DRAPER, P. J.—Petitioner, a self-insured employer, seeks review of a decision of respondent commission finding that employer is estopped to assert the statute of limitations.

While at work December 11, 1956, applicant employee suffered a severe heart attack. The director of the plant medical facility, Dr. Holaday, examined applicant, considered the condition nonindustrial, and so informed applicant, who gave the name of his personal physician. That doctor arranged for applicant's admission to a hospital and for his care by a specialist, Dr. Leishman. Dr. Leishman had no connection with petitioner, and treated applicant solely as his own patient. Dr. Leishman reported, upon an application for unemployment compensation disability and health insurance, that applicant's condition was without industrial connection.

Applicant was discharged from the hospital January 4, 1957. Sometime between that date and March, Dr. Leishman decided that applicant's condition had been caused or contributed to by his work. He does not recall advising Dr. Holaday of this change of opinion, but the latter testified that Dr. Leishman did inform him that he felt that applicant needed financial help, that Dr. Leishman "was going to see that (applicant) got it," and wanted applicant "to carry the case further." Dr. Leishman continued to treat applicant. Applicant filed no application for compensation until October 3, 1958. He asserted no earlier claim to petitioner or Dr. Holaday. Applicant testified that his union business agent recommended that he file a claim, that in September he consulted one attorney who did not accept the case, and that on September 22, 1958 he first consulted his present counsel, who filed the claim almost 22 months after the heart attack occurred.

A referee found that applicant's claim was barred by the statute of limitations. Reconsideration was granted, and the commission found that the employer "acting by and through

its authorized agent, fraudently [*sic*] represented to or concealed from said applicant the existence of facts which would establish an industrial cause of action in favor of said applicant and against said defendant; and that by reason of said misrepresentation or concealment applicant was not aware of his cause of action and did not file his claim herein until after the statutory limitations period had run; that upon ascertaining the existence of such facts which would establish an industrial cause of action," applicant promptly filed his claim.

Claim must be filed with the commission within one year of either date of injury, period covered by payments made, or the last furnishing of benefits (Lab. Code, § 5405). A claim not so filed is barred (Lab. Code, § 5404). Here no payment was made and no benefit furnished, so the statute began to run on the day of the heart attack.

▮ Of course, an employer may be estopped to assert the statute of limitations where his misrepresentation or concealment has been relied upon by the employee and has led him to delay beyond the statutory period (*Benner* v. *Industrial Acc. Com.*, 26 Cal.2d 346 [159 P.2d 24]; *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684 [252 P.2d 649]; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 66 Cal.App.2d 376 [152 P.2d 501]).

▮ Here, however, the facts do not even approach those of the cited cases. The employer from the time of its first knowledge of the employee's injury, flatly, completely and consistently denied liability on the ground that the illness had no industrial origin or connection. This determination was made promptly upon applicant's first reporting to the employer's medical director, who immediately referred the case to a doctor chosen by applicant himself. We are unable to distinguish this case from *Neff* v. *New York Life Ins. Co.*, 30 Cal.2d 165 [180 P.2d 900, 171 A.L.R. 563], which held that no estoppel was shown. The second referee suggests that Dr. Holaday temporized, when applicant called upon him in June 1957, by referring applicant to a Dr. Gorman for examination, without directly reiterating his previous flat denials of industrial causation. But both applicant and his wife testified that when applicant was examined by Dr. Gorman, a few days later, that doctor told both of them that the illness had no industrial connection. Thus even if we accept the view that Dr. Holaday's June conduct was "noncommittal" or equivocal, it could have misled applicant for at most only a few days of the 22 months here involved.

At oral argument, the commission's counsel contended that a confidential relationship arose between the company doctor and the private physician, and that this in some way required the company doctor to tell the employee of his private physician's conclusion that the illness was of industrial origin. There is no evidence to show the claimed confidential relationship of the two doctors. There is no evidence that Dr. Leishman in fact failed to inform his patient of his views. Thus there is no basis for inference that Dr. Holaday even suspected the hypothetical failure of communication now claimed. Applicant never testified that he delayed his claim because of reliance upon anything said or not said by Dr. Holaday. There is no evidence of any fact discovered by applicant which led to his ultimate filing.

We recognize that the commission may consider issues not presented to a referee. It is not, however, free to find facts as to which there is no evidence. Here there is nothing whatever to support the finding of estoppel.

Award annulled.

Salsman, J., and Devine, J., concurred.