[No. S113201. Feb. 10, 2005.]

HONEYWELL, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and WILLIAM
WAGNER, Respondents.

26

28

COUNSEL

Kegel, Tobin & Truce and D'Arcy T. Swartz for Petitioner.

Clopton, Penny & Brenner and Ronald R. Kolitz for California Self-Insurers Association as Amicus Curiae on behalf of Petitioner.

Laughlin, Falbo, Levy & Moresi and James C. Hester for California Workers' Compensation Defense Attorneys Association as Amicus Curiae on behalf of Petitioner.

Finnegan, Marks, Hampton & Theofel and Ellen Sims Langille for California Workers' Compensation Institute as Amicus Curiae on behalf of Petitioner.

Vincent Bausano and Neil P. Sullivan for Respondent Workers' Compensation Appeals Board.

Turchin & Turchin, Law Offices of Raymond L. Turchin, Raymond L. Turchin; and Florette Turchin for Respondent William Wagner.

William A. Herreras and John Messer for California Applicants' Attorneys Association as Amicus Curiae on behalf of Respondent William Wagner.

## OPINION

**WERDEGAR, J.—** ■ Labor Code section 5402[1] establishes a presumption that an injury is compensable under the workers' compensation system if the employer does not deny liability for a worker's claim "within 90 days after the date the claim form is filed." (*Id.*, subd. (b).) Departing from this clear and unambiguous language, the Workers' Compensation Appeals Board (WCAB) ruled the 90-day period is also triggered when the employer knows or should know of an industrial injury or claim and breaches its duty (§ 5401) to provide the claim form.

■ Like the Court of Appeal, we conclude the WCAB erred in this regard. The employer's knowledge of an injury satisfies the worker's duty to provide notice within 30 days of the injury (§§ 5400, 5402, subd. (a)) and triggers the employer's duty to provide a claim form within one working day (§ 5401, subd. (a)). But absent circumstances creating an equitable estoppel, the 90-day period for the employer to deny liability runs only from the date the worker files a claim form with the employer. (§ 5402, subd. (b).) Neither the WCAB nor this court can alter the clear statutory command.

### FACTUAL AND PROCEDURAL BACKGROUND

Our summary of the facts and procedure is drawn primarily from the Court of Appeal's opinion, which the parties agree accurately states the case background.

William Wagner, a sheet metal specialist for Honeywell (formerly Allied Signal Aerospace Company) for over 16 years, claims work-related injuries to his body and psyche due to employment from January 1, 1995, through October 16, 1998.

Wagner's company medical record contains a July 20, 1998, entry reflecting Wagner's statements that management was prejudiced against him and

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

hampered his promotion and transfer, that he "can't take it anymore," and that his doctor had prescribed him medications for work stress.

On October 16, 1998, Wagner's wife, Linda Wagner, left a message with Honeywell's disability coordinator, Nyssa Hawkins, that Wagner had been admitted to a psychiatric facility with a nervous breakdown and that his work supervisor and others had pushed her husband over the edge with their "head games." Linda Wagner also asked for disability forms. On October 20, 1998, Hawkins confirmed receipt of a doctor's note verifying disability and told Linda Wagner disability forms would be sent. The hospitalization records indicate Wagner was depressed and suicidal; they mention stress and aspects of his family and personal history, as well as identifying "work problems" as a subject for "continued work in aftercare."

On January 11, 1999, in response to Wagner's January 10 submission of a medical leave request form on which a box was checked that the injury was work related, Linda Wood, who handled workers' compensation for Honeywell, wrote Wagner that she had received the information from the medical department and was enclosing a claim form and a pamphlet explaining workers' compensation.

On January 15, 1999, Wagner served a completed claim form on Honeywell. Honeywell denied the claim by letter of March 31, 1999.

In support of his injury claim, Wagner obtained a medical report from his treating psychiatrist, Thomas Curtis. Dr. Curtis diagnosed major depression with anxiety and panic attacks that were industrially caused. Honeywell obtained a rebuttal medical opinion from psychologist Mory Framer, who concluded Wagner's psychiatric condition was caused by nonindustrial factors or by good faith personnel actions.[2]

The matter was first submitted to the workers' compensation judge (WCJ) without testimony, for determination whether the injury should be presumed compensable under section 5402. The WCJ found that Honeywell had sufficient information to require provision of the claim form, at the latest, on October 16, 1998, following the contact with Linda Wagner. The 90-day period under section 5402 had therefore ended on January 15, 1999, the WCJ found, and the psychiatric injury was presumed compensable unless rebutted by evidence not available by that date.

---

[2] Section 3208.3, subdivision (h) provides: "No compensation under this division shall be paid by an employer for a psychiatric injury if the injury was substantially caused by a lawful, nondiscriminatory, good faith personnel action. The burden of proof shall rest with the party asserting the issue."

The WCAB granted Honeywell's petition for reconsideration and issued an en banc decision. It held that section 5402's 90-day period begins either when the employee files a claim form or when an employer is "reasonably certain" of an industrial injury or claim and breaches the duty to provide the claim form. The WCAB rescinded the WCJ's decision and remanded the matter for application of the "reasonably certain" standard, which it stated is satisfied when the employer "has been made aware of facts which would lead a reasonable person to conclude with some certainty that an industrial injury . . . has occurred or is being asserted." (*Wagner v. Allied Signal Aerospace* (2001) 66 Cal.Comp.Cases 483, 488–489.)

On remand, Nyssa Hawkins, the Honeywell disability coordinator, testified she was reasonably certain that Linda Wagner was reporting a work injury in October 1998. Hawkins reported the facts she had learned from Linda Wagner, but not her own conclusion, to Linda Wood within a few days. Wood said she would take care of the matter. In her own testimony, Wood stated that she knew William Wagner had been hospitalized in October of 1998 and heard (either then or earlier) from the medical department that he was out "on stress," possibly because of work events, but that Wagner did not himself report any industrial injury to her. Wood did not recall Hawkins reporting in October 1998 that Wagner had received an injury, though she acknowledged that was Hawkins's normal practice.

The WCJ again found that the 90-day period under section 5402 had expired on January 15, 1999, and Honeywell's failure to deny liability before that date rendered the psychiatric injury presumptively compensable. A claim form should have been provided no later than October 16, 1998, when Hawkins received information that made her reasonably certain of the industrial injury, information she also reported to Wood. At this point, Honeywell "reasonably should have known" an emotional injury arising from events at work was being claimed.

The WCAB adopted the WCJ's findings and denied reconsideration. The WCAB concluded that the legislative policy of encouraging prompt investigation and processing of claims was facilitated by applying the presumption of compensability where the employer is reasonably certain that an injury has occurred and fails to timely provide a claim form.

The Court of Appeal granted Honeywell's petition for writ of review and annulled the WCAB decision. The appellate court held the WCAB's adoption of a reasonable certainty trigger for running of the 90-day period was contrary to the statutory language, under which the period runs only from the filing of a claim form. Egregious conduct by the employer designed to frustrate the employee's pursuit of compensation could estop the employer

from denying the 90-day period had commenced, but a merely negligent failure to provide the employee a claim form, in the court's view, could not start the period running and create a presumption of compensability. The Court of Appeal remanded for the WCAB to determine "whether Honeywell's conduct falls into the egregious category or was merely a negligent omission."

We granted the WCAB's petition for review.

## DISCUSSION

A brief review of the pertinent statutes is in order.

■ Under section 5400, an injured worker cannot maintain a claim unless he or she has given the employer written notice of the injury within 30 days of its occurrence.[3] But under section 5402, subdivision (a), the employer's knowledge of the injury, or knowledge that a claim of injury is being asserted, substitutes for the written notice required by section 5400.[4]

■ When the employer receives either written notice or knowledge of an injury that has caused lost work time or required medical treatment, the employer is to provide the employee, within one working day, with a workers' compensation claim form and notice of potential eligibility for benefits. (§ 5401, subd. (a).)[5] The injured employee may then file the claim form with the employer; the claim is deemed filed "when it is personally delivered to the employer or received by the employer by first-class or certified mail." (*Id.*, subd. (c).)

---

[3] Section 5400 provides: "Except as provided by sections 5402 and 5403, no claim to recover compensation under this division shall be maintained unless within thirty days after the occurrence of the injury which is claimed to have caused the disability or death, there is served upon the employer notice in writing, signed by the person injured or someone in his behalf, or in case of the death of the person injured, by a dependent or someone in the dependent's behalf."

Section 5403 provides that the employee's failure to give notice does not bar the claim if the employer was not thereby misled or prejudiced.

[4] Section 5402, subdivision (a) provides: "Knowledge of an injury, obtained from any source, on the part of an employer, his or her managing agent, superintendent, foreman, or other person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400."

[5] Section 5401, subdivision (a) provides in pertinent part: "Within one working day of receiving notice or knowledge of injury under Section 5400 or 5402, which injury results in lost time beyond the employee's work shift at the time of injury or which results in medical treatment beyond first aid, the employer shall provide, personally or by first-class mail, a claim form and a notice of potential eligibility for benefits under this division to the injured employee, or in the case of death, to his or her dependents."

■ Filing the claim form allows the injured worker to begin receiving certain payments and to request a medical evaluation, and tolls the limitations period of section 5405. (§ 5401, subd. (d).) It also begins a new, 90-day period for the employer to investigate and evaluate the claim; if the employer does not reject liability within that period, the injury is presumed compensable, a presumption rebuttable only by later-discovered evidence. (§ 5402, subd. (b).)[6]

■ Under these provisions, (1) the employee bears the initial burden of notifying the employer of an injury, unless such notice is unnecessary because the employer already knows of the injury or claimed injury from other sources. (2) The employer then bears the burden of informing the worker of his or her possible compensation rights and providing a claim form, but (3) it is up to the *employee* whether and when to initiate a claim for compensation by filing the prescribed form with the employer. Only when the form has been filed is (4) the employer (or its insurer) put to the additional burden of promptly investigating the claim and determining whether to contest liability, an investigation that must be completed within 90 days.

■ In ruling that the 90-day period begins as soon as the employer knows of the injury or claim, the WCAB collapsed this four-step process into two, short-circuiting the formal claim process required for running of the 90-day period under sections 5401 and 5402. The Legislature has not provided that an employer must, at the risk of having the injury presumed compensable, begin investigating liability whenever an injury comes to its attention, but rather that the employer must at that point give the employee the information and means by which a claim *may* be formally made. The Legislature specifically prescribed, by an amendment enacted in 1990, the manner of filing a claim form and the date it would be considered filed (§ 5401, subd. (c)); at the same time, it specifically mandated the 90-day investigation period would run from "the date the claim form is filed under Section 5401" (§ 5402, subd. (b)).[7] We cannot ignore that plain statutory language.

---

[6] Section 5402, subdivision (b) provides: "If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption of this subdivision is rebuttable only by evidence discovered subsequent to the 90-day period."

In 1998 and 1999, when the material events in this case occurred, section 5402 was not divided into subdivisions. The provisions of present subdivisions (a) and (b) were contained in the same paragraph. (See Stats. 1990, ch. 1550, § 57, pp. 7296–7297.)

[7] Prior to the 1990 amendments (Stats. 1990, ch. 1550, § 57, pp. 7296–7297), section 5401 stated merely that the claim form was to be filed by the employee or an agent or dependent, but did not specify the manner of filing or the date the form was deemed filed. Section 5402 stated merely that the 90-day period ran from "the date of written claim under Section 5401." (Stats. 1989, ch. 892, §§ 46–47, pp. 3035–3036.)

■ In interpreting the workers' compensation statutes, we give great weight to the construction of the WCAB, unless it is clearly erroneous or unauthorized. (*Wilkinson v. Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848].) Ultimately, of course, our fidelity must be to the legislative intent as best shown by the Legislature's use of clear and unambiguous statutory language. (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387–388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) We conclude the WCAB's construction of the statutes not only contravenes the clear and unambiguous command in section 5402, subdivision (b) that the 90-day period run from "the date the claim form is filed under Section 5401," but also, as explained below, fails to implement the legislative intent behind the statutes.

The provisions in sections 5401 and 5402 for filing of a claim form and an ensuing 90-day period for investigation by the employer were initially added as part of the Margolin-Bill Greene Workers' Compensation Reform Act of 1989 (Stats. 1989, ch. 892, §§ 46–47, 57, pp. 3035–3036, 3039). That law was the result of efforts "by representatives of organized labor, management and the insurance industry following several years of negotiation intended to streamline and improve the workers' compensation benefit delivery system; increase benefit levels for injured workers; and reduce costs to employers." (Dept. of Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 276 (1989–1990 Reg. Sess.) prepared for Governor Deukmejian (Sept. 19, 1989) p. 4; see *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 675, 681–682 [43 Cal.Rptr.2d 660].) The purpose of the amendment to section 5402 was "to expedite the entire claims process in workers' compensation by limiting the time during which investigation by the employer of a claim by an injured worker could be undertaken—90 days—without being penalized for delay. The 'penalty' provided for delay was that a rebuttable presumption of compensability would attach to the claim." (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd., supra*, at p. 682.)

The WCAB was thus correct to say, in its January 7, 2002, decision denying reconsideration, that section 5402 reflects a legislative policy of "encouraging prompt investigation of claims," but clearly incorrect in assuming that the legislative policy encourages such investigation prior to the filing of a claim form. The requirement of a claim form—instituted as part of a reform law designed to make the system more cost-efficient—was manifestly intended to relieve the employer and its insurer from having to investigate and evaluate every *possible* claim, some of which might never ripen into actual claims for benefits. The policy of prompt investigation was thus tempered by considerations of efficiency and the avoidance of unnecessary costs; these too form part of the legislative policy we must, in construing the statutes, seek to effectuate.

The WCAB argues that unless an employer's breach of its duty to provide a claim form upon learning of an injury (§ 5401, subd. (a)) is deemed to trigger section 5402's 90-day period, employers will have no incentive to fulfill their obligation to provide the claim form. We disagree. In a case decided before the 1989 reform law added a claim procedure, we held that when an employer with knowledge or notice of a work-related injury fails to inform the injured worker of his or her compensation rights, to the worker's prejudice, the statute of limitations for seeking benefits is tolled until the worker learns of those rights. (*Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1985) 39 Cal.3d 57, 64–65 [216 Cal.Rptr. 115, 702 P.2d 197] (*Martin*); see also *Reynolds v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 726, 729–730 [117 Cal.Rptr. 79, 527 P.2d 631].) Under the current law, both the notice of potential eligibility and the claim form are to be provided to the worker within one working day of the employer's learning or receiving notice of the injury. (§ 5401, subd. (a).) Moreover, the notice of potential eligibility for benefits and the claim form are to be, as far as practical, contained in a single document. (*Id.*, subd. (b).) The employer who fails to comply with the duty to provide a claim form would thus ordinarily also fail to provide the notice of potential eligibility and would, under *Martin*, suffer tolling of the limitation period. The possibility of such tolling creates a significant incentive to provide the form promptly. Certain failures to provide a claim form could, as well, subject the employer to administrative sanctions. (See Cal. Code Regs., tit. 8, § 10111.1, subd. (d)(3) [penalty of up to $5,000 for claims administrator's failure to provide claim form on employee's request].) If, as the WCAB suggests, additional incentives are needed to ensure the prompt investigation of claims, they must be provided by the Legislature.

 The WCAB cites authority to the effect that ambiguous workers' compensation laws should be construed in favor of coverage. (See, e.g., *State Farm Fire & Casualty Co. v. Workers' Comp. Appeals Bd.* (1997) 16 Cal.4th 1187, 1196 [69 Cal.Rptr.2d 602, 947 P.2d 795].) But section 5402, subdivision (b) is not ambiguous: it unequivocally gives the employer 90 days from "the date the claim form is filed under Section 5401" to investigate the claim. Nor does a plain-language reading of the statute deny Wagner coverage for his claim; it merely denies him the benefit of a *presumption* of compensability, leaving him free to prove in the ordinary manner his injury's industrial causation.

 In light of the plain statutory language and other indicators of legislative intent, we agree with the Court of Appeal that section 5402's 90-day period for denial of liability runs only from the date the employee files a claim form, not from the date the employer receives notice or knowledge of the injury or claimed injury. The Court of Appeal also noted, however, that certain egregious, intentional violations of the duty to provide a

claim form can estop the employer from relying on the employee's failure to file the form, and remanded for a determination of whether such an estoppel arose here. Specifically, the Court of Appeal held an estoppel would arise only in cases of "(1) a deliberate or intentional refusal to provide the required claim form to the employee or (2) false statements made to the employee, all for the purpose of preventing or delaying the completion and filing of a claim form by the employee. A mere negligent failure to provide a timely claim form is not sufficient."

Honeywell agrees with the Court of Appeal that in a proper case, involving an egregious violation, the WCAB may assert an estoppel, but the WCAB insists its "reasonably certain" standard is more fair and reasonable than one focusing on the employer's intent. It describes the "reasonably certain" standard as "impos[ing] on the employer a duty to investigate when he or she has been made aware of facts which would lead a reasonable person to conclude with some certainty that an industrial injury . . . has occurred or is being asserted." (*Wagner v. Allied Signal Aerospace, supra,* 66 Cal.Comp.Cases at pp. 488–489.) Although appellate decisions have addressed estoppel to assert the statute of limitations,[8] none has addressed the circumstances under which equitable principles would permit a determination that section 5402's 90-day period began to run before the employee filed a claim form. Support for either position can be found in prior panel decisions of the WCAB.[9] We briefly address the estoppel issue to provide guidance to the WCAB on remand and in future cases.

---

[8] In *Benner v. Industrial Acc. Com.* (1945) 26 Cal.2d 346, 348–350 [159 P.2d 24], we held the employer's repeated requests for more time for medical investigations, which induced the applicant to delay filing an application for adjudication of benefits, estopped the employer from asserting the statute of limitations. We also seemingly applied equitable principles to toll the running of the statute of limitations, based on the employers' failure to give the employees information, in *Martin, supra,* 39 Cal.3d at pages 62–66, and *Reynolds v. Workmen's Comp. Appeals Bd., supra,* 12 Cal.3d at pages 729–730. Though neither decision rests expressly on estoppel or equitable tolling grounds, *Reynolds* (at p. 730) relies crucially on *Mihesuah v. Workmen's Comp. Appeals Bd.* (1972) 29 Cal.App.3d 337, 340–341 [105 Cal.Rptr. 561], which expressly held the employer estopped to assert the statute of limitations. *Martin,* in turn, followed *Reynolds,* which it found to have been reinforced by statutory and administrative rule changes in the interim. (*Martin, supra,* at p. 64.) But neither these decisions nor *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 329 [137 Cal.Rptr. 878, 562 P.2d 1037], which the WCAB also cites, involved running of the 90-day investigative period, and none provides concrete guidance on how estoppel principles are properly applied to that determination.

[9] See *Janke v. State of Calif., Dept. of Justice* (1991) SAC 169000, 19 Cal. Workers' Comp. Rptr. 310, 311 (90-day period began running when employee made request for benefits but employer refused to provide claim form: "The Board cannot and will not allow the claim procedure to be manipulated either intentionally or negligently to extend the period of time during which the employer must accept or reject the claim"); *Shoai-Ahari v. Zenith Ins. Co.* (1992) OAK 195322, 21 Cal. Workers' Comp. Rptr. 14, 16 (employer not estopped to deny 90-day period began before filing of claim form); *Thompson v. County of Stanislaus* (1996) STK 102540, 106130, 25 Cal. Workers' Comp. Rptr. 24, 25 (applying "reasonably certain" standard to determine when period began running).

The basic principles of equitable estoppel are well established and easily stated. "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." (Evid. Code, § 623.) " 'Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' " (*City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 489 [91 Cal.Rptr. 23, 476 P.2d 423], quoting *Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)

Applying these principles to the running of section 5402's 90-day period, we conclude an employer generally will be estopped to deny the period began running before the filing of a claim form only if (1) the employer, knowing the employee had suffered or was asserting an industrial injury, refused to provide a claim form, or misrepresented the availability of or the need for the employee to file a claim form; (2) the employee was actually misled into believing that no claim form was available or necessary and failed to file one for that reason; and (3) because of this reliance, the employee suffered some loss of benefits or setback as to the claim.

The applicant need not show that the employer's agents consciously or deliberately set out to prevent or delay the employee's filing a claim. " 'It is well settled that negligence, that is, careless and culpable conduct, is as [a] matter of law equivalent to an intent to deceive and will satisfy the element of fraud necessary to an estoppel. Of course, the neglect, to operate as an estoppel, must be in respect to some *duty* owing to the party asserting it.' " (*Fleishbein v. Western Auto S. Agency* (1937) 19 Cal.App.2d 424, 428 [65 P.2d 928], quoting *Parke v. Franciscus* (1924) 194 Cal. 284, 297 [228 P. 435]; accord, *Crestline Mobile Homes Mfg. Co. v. Pacific Finance Corp.* (1960) 54 Cal.2d 773, 778–779 [8 Cal.Rptr. 448, 356 P.2d 192].) An employer owes a clear duty under section 5401, subdivision (a) to provide a claim form and notice of potential eligibility when it learns an industrial injury has occurred or is being asserted. For the employer, through its negligence, to violate that duty, resulting in the employee's prejudicial reliance, and then to assert the 90-day period was delayed until the employee learned of his or her rights and filed a claim form, would be an unfair change of position giving rise to an estoppel.

We nonetheless agree with the Court of Appeal that the WCAB's "reasonably certain" standard, which looks to negligence in *assessing*

whether an industrial injury has occurred or is being asserted, is inequitable. The employer's duty under section 5401 arises when it has been notified in writing of an injury by the employee (§ 5400) or has "knowledge" of the injury or claim from another source (§ 5402, subd. (a)); it does not arise whenever the employer learns of facts that would "lead a reasonable person to conclude with some certainty that an industrial injury . . . has occurred or is being asserted" (*Wagner v. Allied Signal Aerospace, supra*, 66 Cal.Comp.Cases at p. 489). The duty arises when the employer knows of an injury or claim, not when it should have known, and to establish an estoppel in the absence of a breach of duty requires a showing of actual fraudulent intent, rather than mere negligence. (*Fleishbein v. Western Auto S. Agency, supra*, 19 Cal.App.2d at p. 428.)

■ The WCAB's standard, moreover, ignores the detrimental reliance element of equitable estoppel. (See *American Can Co. v. Industrial Acc. Com.* (1962) 204 Cal.App.2d 276, 278–279 [22 Cal.Rptr. 164] [employer not estopped to assert statute of limitations where no evidence applicant relied on conduct or words of employer's agents to delay claim].) Under the WCAB rule, the 90-day period apparently would run from the point the employer should have known of the injury and failed to provide the claim form, regardless of whether the employee was actually misled into believing no such form was available or required, and of whether delay in filing a claim form resulted in any prejudice to the employee's benefits or claim.[10] The result would be that an injury could be presumed without proof to be compensable, even though the employee was aware of the existence of the claim form and the reasons for filing one. Such inequity would not be consistent with the goal of estoppel, which "is applied defensively; it operates to prevent one from taking an unfair advantage of another but not to give an unfair advantage to one seeking to invoke the doctrine." (*Varela v. Board of Police Commissioners* (1951) 107 Cal.App.2d 816, 822 [238 P.2d 62].)

For these reasons, we conclude the Court of Appeal correctly held Honeywell's failure to provide a claim form in October 1998 began the 90-day period under section 5402, subdivision (b) if and only if the parties' words and conduct sufficed to establish an estoppel precluding Honeywell from asserting otherwise. The matter was correctly remanded to the WCAB for further proceedings on that question.

---

[10] Employers are not the only source from which employees can obtain claim forms. The unified claim form and notice of potential eligibility for benefits prescribed in section 5401 is available on the Division of Workers' Compensation (DWC) Web site <http://www.dir.ca.gov/dwc/forms.html> (as of Feb. 10, 2005) and at DWC offices. (1 Cal. Workers' Compensation Practice (Cont.Ed.Bar 4th ed. 2004) § 12.15, p. 792.)

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.