[No. B188607. Second Dist., Div. Six. Oct. 23, 2006.]

DOMINO'S PIZZA et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and DON KERR,
Respondents.

## COUNSEL

Robert W. Daneri, Suzanne Ah-Tye and David M. Goi for Petitioners.

Joseph C. Gallas and William A. Herreras for Respondent Don Kerr.

No appearance for Respondent Workers' Compensation Appeals Board.

## OPINION

**COFFEE, J.**—We issued a writ of review to consider whether the Workers' Compensation Appeals Board (Board) erred by denying a petition to transfer venue to Santa Barbara County as requested by the employer's insurer, State Compensation Insurance Fund (SCIF). We conclude that Labor Code section 5501.5, subdivision (c) mandates that venue be changed from San Luis Obispo County to Santa Barbara County.[1]

We direct Board to annul its decision denying the petition for change of venue and to substitute in its place an order granting the petition so the matter may be heard in Santa Barbara County.

### Facts and Procedural History

Don Kerr sought workers' compensation benefits for an industrial injury to his hip. The application states he lives in Lompoc, his employer's business, Domino's Pizza, is located in Lompoc, he was injured in Lompoc, his attorney's principal office is in Santa Maria, and the employer's insurer is located in Oxnard. All of these places are in Santa Barbara County except for employer's insurer, which is in Ventura County. Nonetheless, Kerr filed his claim in San Luis Obispo County.

SCIF filed an informal petition to transfer venue to the Goleta district office, which is located in Santa Barbara County. The presiding workers' compensation judge (WCJ) denied the petition without prejudice, explaining that the parties are closer to Grover Beach (San Luis Obispo County) than Goleta (Santa Barbara County).

SCIF filed a formal petition for removal based on section 5501.5, which states that the claim must be adjudicated in the county where the injured

---

[1] All further references are to the Labor Code unless otherwise specified.

employee resides or was injured, or in the county where the applicant's attorney maintains his or her principal place of business. (§ 5501.5, subd. (c).)

The WCJ concluded that the petition for removal is not supported by facts, but that if petitioner would present facts showing substantial prejudice or irreparable harm, he would reconsider the matter. In his report, the WCJ concluded that Grover Beach "is the most convenient office for all parties to have the case heard."

Board adopted and incorporated by reference the WCJ's report. Board opined that, notwithstanding the provisions of section 5501.5, it has discretion to concurrently consider whether there is good cause for removal under section 5501.6. Board stated that issues of judicial economy, convenience and "simple practicality" dictate this procedure and result. We disagree.

### Discussion

Section 5501.5 states, in pertinent part, "(a) The application for adjudication of claim *shall* be filed in any of the following locations: [¶] (1) In the county where the injured employee . . . resides . . . . [¶] (2) In the county where the injury allegedly occurred . . . . [¶] (3) In the county where the employee's attorney maintains his or her principal place of business . . . . [¶] . . . [¶] (c) . . . Where there is an employer objection to a venue site under paragraph (3) of subdivision (a), then the application shall be filed pursuant to either paragraph (1) or (2) of subdivision (a)." (Italics added.)

Section 5501.6 states, "(a) An applicant or defendant may petition the appeals board for a change of venue and a change of venue shall be granted for good cause. The reasons for the change of venue shall be specifically set forth in the request for change of venue. [¶] (b) If a change of venue is requested for the convenience of witnesses, the names and addresses of these witnesses and the substance of their testimony shall be specifically set forth in the request for change of venue."

Although we give great weight to the Board's interpretation of statutes and rules governing workers' compensation, we are not bound by it. We independently review questions of law. (*Honeywell v. Workers' Comp. Appeals Bd.* (2005) 35 Cal.4th 24, 34 [24 Cal.Rptr.3d 179, 105 P.3d 544]; *E & J Gallo Winery v. Workers' Comp. Appeals Bd.* (2005) 134 Cal.App.4th 1536, 1543 [37 Cal.Rptr.3d 208].)

Board claims it may consider this case under sections 5501.5 and 5501.6 concurrently. Although section 5310 permits Board to refer or remove

cases to itself, it did not do so here. Indeed, no objection was made based on section 5501.6, either initially or in the formal petition to change venue. SCIF only asked that venue be changed pursuant to the three paragraphs of section 5501.5, subdivision (a). After the Legislature enacted sections 5501.5 and 5501.6 in 1990, section 10408 of title 8 of the California Code of Regulations was amended to provide that venue "*shall* be at the district office where the Application" is filed "*pursuant to Labor Code Section 5501.5.*" (Italics added.) Consequently, there is no basis upon which Board could rely on section 5501.6 here. Because Kerr resides in and was injured in Santa Barbara County, and the principal office of his counsel is also there, section 5501.5 and California Code of Regulations, title 8 section 10408 mandate transfer to Santa Barbara County.

The order denying removal is annulled. Board is directed to set aside and vacate its previous order and enter a new order granting the petition for removal to Santa Barbara County.

Yegan, Acting P. J., and Perren, J., concurred.