**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK GLENN GROCE, | No. 13-55960 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01630-BTM-WMC |
| v. | |
| THEODORE BERNARD CLAUDAT, DBA Quality Instant Printing, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Mark Glenn Groce appeals pro se from the district court's summary

judgment in his wage-and-hour action alleging federal and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo summary judgment,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and review for an abuse of discretion the decision whether to apply equitable tolling or equitable estoppel, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003).

The district court correctly determined that all of Groce's claims, with the exception of his Unfair Competition Law ("UCL") claim based on his last week of employment, were time-barred because Groce was not incarcerated when his claims accrued. *See* Cal. Civ. Proc. Code § 352.1(a) (requirements for statutory tolling due to incarceration). His claims were ineligible for equitable tolling because he failed to demonstrate that he exercised the requisite due diligence or that he acted reasonably and in good faith in attempting to bring his claims. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (federal standard for equitable tolling); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1033 (Cal. 2008) (California standard for equitable tolling). Claudat was not equitably estopped from raising the statute of limitations defense because Groce did not reasonably rely upon Claudat's conduct in failing to raise his claims earlier. *See Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981) (federal standard for equitable estoppel); *Honeywell v. Workers' Comp. Appeals Bd.*, 105 P.3d 544, 550 (Cal. 2005) (California standard for equitable estoppel).

13-55960

Thus, Groce's claims were untimely except as to his UCL claim for the above-referenced one-week period.

The district court did not abuse its discretion in granting summary judgment on Groce's surviving UCL claim because the court weighed the equities and correctly determined that Groce owed Claudat reimbursement for pay advances. *See Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 717 (Cal. 2000) (courts have very broad discretion in fashioning remedies for UCL violations); *Centennial Ins. Co. v. U.S. Fire Ins. Co.*, 105 Cal. Rptr. 2d 559, 561-62 (Ct. App. 2001) (a grant or denial of summary judgment that requires the lower court to exercise its discretion is reviewed for an abuse of discretion).

**AFFIRMED.**