Filed 5/13/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CYNTHIA LOZANO et al., | No. B258000 |
| Petitioners, | (W.C.A.B. No. ADJ8073877) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and STATE COMPENSATION INSURANCE FUND, | |
| Respondents. | |

_____

PETITION for writ of review from a decision of the Workers'
Compensation Appeals Board.  Annulled and remanded for further proceedings.

Law Office of Lawrence R. Whiting and William G. Cotter for Petitioners.

Lisa A. Liebson, Deputy Chief Counsel, Mary R. Huckabaa, Assistant
Chief Counsel and Alan R. Canfield, Appellate Counsel for Respondents.

_____

The petitioners in this case, Cynthia Lozano, Samantha Lozano, and Tatiana Lozano, are the widow and children of deceased firefighter William Lozano.[1]  The Lozanos sought a writ of review after the Workers' Compensation Appeals Board denied reconsideration of the decision of the workers' compensation judge finding that the cancer presumption of Labor Code section 3212.1 did not apply to petitioner's claim.

The issue presented is whether an amendment to the Labor Code, enacted by Senate Bill 1271 on February 19, 2008 and effective on January 1, 2009, which would extend the cancer presumption to firefighters like William, is applicable to the claim for workers' compensation benefits filed on November 3, 2009.  We hold the amendment of Labor Code section 3212.1 effected a procedural change, and accordingly that the presumption is properly applied in the post-enactment adjudication of this claim.  We therefore annul the decision of the appeals board and remand the case for further proceedings.

## FACTUAL BACKGROUND

William worked as a fire engineer for Pyramid Services, a Department of Defense installation from November 1, 1981 to July 1, 2007.  William claimed injury arising out of and occurring in the course of his employment in the form of stomach cancer.

William died on September 20, 2007 as a result of the stomach cancer.  At the time of his death, William was married to Cynthia and had two daughters, Samantha and Tatiana.  Samantha, born February 3, 1991, was 16 at the time of William's death.  Tatiana, born September 7, 2004, was three at the time of William's death.

---

[1]     Given the fact that all individuals involved in this case share the same last name, we will refer to each Lozano family member by his or her first name.

## PROCEDURAL HISTORY

William sought payment of accrued and unpaid compensation and reimbursement for self-procured medical treatment. [2] William's widow, Cynthia, sought death benefits for herself and her daughters and reimbursement of burial expenses.[3]

Cynthia filed the claim for William and for death benefits on November 3, 2009. After Cynthia filed the claim, Dr. O'Neill (agreed medical evaluator (AME) Edward J. O'Neill), opined the stomach cancer could have been due to exposures to carcinogens at the workplace. Dr. O'Neill acknowledged that William had been exposed to known carcinogens at work, but was not aware of a specific established link between those carcinogens and stomach cancer. Dr. O'Neill, however, reported that almost all cancers, including stomach cancer, occurred more frequently in firefighters than in the general population. Dr. O'Neill concluded that, if the presumption applied to William, "his cancer would be considered occupationally related presumptively."

## THE CANCER PRESUMPTION OF SECTION 3212.1

Section 3212.1 currently provides in relevant part as follows:

"(a) This section applies to all of the following: [¶] . . . [¶] (2) Active firefighting members of a fire department that serves a United States Department of Defense installation and who are certified by the Department of Defense as meeting its standards for firefighters. [¶] . . . [¶]

---

[2] The death of an injured employee does not affect the liability of the employer and any accrued and unpaid compensation are paid to the dependents of the deceased employee. (Lab. Code, § 4700.)

[3] For an industrial injury that causes death, the employer is liable for the reasonable expenses of the employee's burial and a death benefit to the employee's dependents. (§ 4701.)

"(b)  The term 'injury,' as used in this division, includes cancer, including leukemia, that develops or manifests itself during a period in which any member described in subdivision (a) is in the service of the department or unit, if the member demonstrates that he or she was exposed, while in the service of the department or unit, to a known carcinogen as defined by the International Agency for Research on Cancer, or as defined by the director.

"(c)  The compensation that is awarded for cancer shall include full hospital, surgical, medical treatment, disability indemnity, and death benefits, as provided by this division.

"(d)  The cancer so developing or manifesting itself in these cases shall be presumed to arise out of and in the course of the employment.  This presumption is disputable and may be controverted by evidence that the primary site of the cancer has been established and that the carcinogen to which the member has demonstrated exposure is not reasonably linked to the disabling cancer.  Unless so controverted, the appeals board is bound to find in accordance with the presumption.  This presumption shall be extended to a member following termination of service for a period of three calendar months for each full year of the requisite service, but not to exceed 120 months in any circumstance, commencing with the last date actually worked in the specified capacity.

"(e)  The amendments to this section enacted during the 1999 portion of the 1999-2000 Regular Session shall be applied to claims for benefits filed or pending on or after January 1, 1997, including, but not limited to, claims for benefits filed on or after that date that have previously been denied, or that are being appealed following denial.

"(f)  This section shall be known, and may be cited, as the William Dallas Jones Cancer Presumption Act of 2010."[4]

---

[4]  All further statutory references are to the Labor Code unless otherwise noted.

Subsection (a)(2), extending the evidentiary presumption to Department of Defense firefighters, was added by Senate Bill 1271 on February 19, 2008 and became effective on January 1, 2009.  The parties do not dispute that William was a firefighter within the definition of subsection (a)(2).

### *The Rulings of The Workers' Compensation Judge and The Workers' Compensation Appeals Board*

On October 3, 2013, the Workers' Compensation Judge (WCJ) found William was not entitled to invoke the cancer presumption because, at the time of his death in 2007, section 3212.1 did not include active firefighting members of a fire department that served a United States Department of Defense installation. Without the cancer presumption, the Lozanos had the burden of proof on causation.  Based on the opinion of Dr. O'Neill, the WCJ found the Lozanos failed to meet the burden of proof that William sustained injury arising out of and occurring in the course of employment.[5]

The Lozanos petitioned for reconsideration.  The WCJ recommended granting reconsideration, concluding that the Legislature intended to make section 3212.1 apply to certified Department of Defense firefighters retroactively. Because subsection (e) limited retroactive application of the 1999 amendment to claims filed or pending on or after January 1, 1997, the WCJ reasoned that all other amendments had no such limitation on their retroactive application.

The Workers' Compensation Appeal Board (WCAB) denied reconsideration.  The WCAB found that, at the time the cancer manifested,

---

[5]    On the employer's assertion of the statute of limitations defense, the WCJ found the defendant failed to meet its burden of proof.  Pursuant to section 5412, the date of injury for a cumulative injury is the date upon which the employee first suffered disability and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his employment.  While William suffered disability at least as of July 1, 2007, there was no evidence William or Cynthia knew or in the exercise of reasonable diligence should have known that the disability was caused by William's employment.

William was not a member of a qualifying fire department. Because the WCAB concluded that Senate Bill 1271 did not include any indication the Legislature intended it to apply retroactively, it affirmed the WCJ's initial finding that the cancer presumption did not apply.

The sole issue before this court is whether the cancer presumption with respect to firefighters serving a Department of Defense installation is properly applied to the workers' compensation claim filed on November 3, 2009 and adjudicated in 2013.

## DISCUSSION

"[A] new statute is presumed to operate prospectively absent an express declaration of retrospectively or a clear indication that the electorate, or the Legislature, intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287 (*Tapia*); *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207; *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 (*Aetna Casualty*).) However, this rule does not preclude the application of new procedural or evidentiary statutes to trials occurring after enactment, even though such trials may involve the evaluation of civil or criminal conduct occurring before enactment. (*Tapia, supra,* 53 Cal.3d at pp. 288-289.) This is so because these uses typically affect only future conduct—the future conduct of the trial. "Such a statute 'is not made retroactive merely because it draws upon facts existing prior to its enactment. . . . [Instead,] [t]he effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.' [Citations.] For this reason, we have said that 'it is a misnomer to designate [such statutes] as having retrospective effect.'" [Citation.] (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 936.)

When a statute changes the legal consequences of past conduct it is considered substantive. *As You Sow v. Conbraco Industries* (2005) 135 Cal.App.4th 431, 459-460 (*As You Sow*) [a statute is said to be substantive when it changes the legal effect of past events]). A procedural statute, in contrast, is one

that governs the procedures to be followed to determine the legal significance of past events. Courts have found substantive statutes to be impermissibly retroactive when they change the legal consequences of past events while upholding procedural statutes as prospective because they apply to the conduct of existing and future litigation. (*Ibid*.)

The decision is not a mechanical one, dependent on labels, but rather an evaluation of the functional effect of the change :

> "In deciding whether the application of a law is prospective or retroactive, we look to function, not form. [Citations.] We consider the effect of a law on a party's rights and liabilities, not whether a procedural or substantive label best applies. Does the law 'change[ ] the legal consequences of past conduct by imposing new or different liabilities based upon such conduct?' [Citation.] Does it 'substantially affect [ ] existing rights and obligations?' [Citation.] If so, then application to a trial of preenactment conduct is forbidden, absent an express legislative intent to permit such retroactive application. If not, then application to a trial of preenactment conduct is permitted, because the application is prospective." (*Elsner v. Uveges, supra,* 34 Cal.4th 915 at pp. 936-937.)

Thus, the fact that the event giving rise to the cause of action occurred prior to the effective date of the statute is not determinative. If the statute has the effect of altering the legal consequences of past conduct, the statute is retroactive. If the statute governs only procedure that is to be followed in cases subsequent to the enactment of the statute, the statute is prospective. (*As You Sow, supra*, 135 Cal.App.4th at pp. 459-460.)

Here, the cancer presumption does not change the test for liability, but solely reallocates the burden of producing evidence by imposing it on the employer. "The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence." (Evid. Code, § 550,, subd. (a).) Absent evidence that "the carcinogen to which the member has demonstrated exposure is not reasonably

7

linked to the disabling cancer" (§ 3212.1, subd. (d)), the employee is entitled to a finding that the cancer arose out of and in the course of employment.

Thus, making the cancer presumption available to fire fighters serving a United States Department of Defense installation regulates the procedure to be followed in determining the legal rights of individuals like William and his family. In allocating the burden of producing evidence it is paradigmatically a matter of procedure. It does not change the legal effect of past events (see *As You Sow, supra,* 135 Cal.App.4th at p. 459) and its application to post-enactment litigation is both prospective, and proper. The WCAB erred in determining that the application of the presumption would be an improper retroactive application of the law.[6]

It is not entirely clear whether the WCAB declined to apply the cancer presumption because William died before the operative date of the amendment or because the cancer manifested itself before that operative date. Neither event, however, is of legal significance when it comes to the applicability of the cancer presumption. As noted, the circumstance that the event giving rise to the claim occurred prior to the effective date of the statute is of no moment in a statute that governs modes of procedure. (*Elsner v. Uveges, supra,* 34 Cal.4th at p. 916; *City of Sausalito v. County of Marin* (1970) 12 Cal.App.3d 550, 557.) The WCAB

---

[6]    On appeal, the Appeals Board argues that this court should defer to its administrative interpretation of the statute. The cases on which it relies, however, make clear that there is no deference when, as here, the determination is clearly erroneous. (*See Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1331; *Industrial Indemnity Co. v. Workers' Comp. Appeals Bd.* (1985) 165 Cal. App.3d 633, 638; *see also Honeywell v. Workers' Comp. Appeals Bd.* (2005) 35 Cal.4th 24, 34 [rejecting the appeals board's construction of a statute].)

erred in holding that the allowing the use of the cancer presumption here was a retroactive application of the law.[7]

**DISPOSITION**

The decision of the Workers' Compensation Appeals Board is annulled and the matter is remanded for further proceedings consistent with this opinion.


ZELON, J.


We concur:


PERLUSS, P. J.


IWASAKI, J.[*]

---

[7]    In finding that the cancer presumption applies to the Lozanos' claims for benefits, we do not address the undecided issues of the specific date of injury and application of the statute of limitations, including any tolling given the age of Samantha and Tatiana.  We leave these determinations to the appeals board on remand.

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.