**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER D. SCHNEIDER, | No. 13-16387 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03242-TLN-EFB |
| v. | |
| AMADOR COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Christopher D. Schneider appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims

relating to defendants' enforcement of their outside storage ordinances.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (ripeness); *N. Cty. Cmty. Alliance, Inc. v. Salazar*, 573 F.3d 738, 741 (9th Cir. 2009) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Planned Parenthood of S. Ariz. v. Lawall*, 307 F.3d 783, 786 (9th Cir. 2002) (constitutionality of a statute). We affirm.

The district court properly dismissed Schneider's equal protection and procedural due process claims as unripe because they are not yet fit for judicial review and the hardship to Schneider is relatively minor. *See Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) (elements of prudential ripeness).

The district court properly dismissed Schneider's First Amendment retaliation claim as barred by the statue of limitations because Schneider filed his action more than two years after his claims accrued and Schneider did not show any basis for equitable estoppel. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (federal courts apply the forum state's personal injury statute of limitations for § 1983 claims, and a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action); *Honeywell v. Workers' Comp. Appeals Bd.*, 105 P.3d 544, 550 (Cal. 2005)

(California standard for equitable estoppel).

The district court properly dismissed Schneider's other First Amendment claims because Schneider failed to allege facts sufficient to show that the ordinances were unconstitutional as applied to him, impermissible restrictions on expressive conduct, or unconstitutionally vague or overbroad. *See Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 805 (1984) (framework for evaluating as-applied First Amendment challenge to ordinance); *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) (elements of facial challenge to an ordinance).

The district court properly dismissed Schneider's dormant Commerce Clause claim because Schneider failed to allege facts sufficient to show that the ordinances had a significant impact on interstate commerce. *See Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1155 (9th Cir. 2012) (plaintiff must first show that the statute imposes a significant burden on interstate commerce to establish a dormant Commerce Clause claim).

The district court properly dismissed Schneider's state law claims because Schneider failed to allege facts sufficient to show that he properly exhausted his claims. *See* Cal. Gov't Code § 945.4 (plaintiff may not sue a public entity for "money or damages" until he has presented the claim to that entity); Cal. Gov't

Code § 911.2(a) ("A claim relating to a cause of action for . . . injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action.").

The district court did not abuse its discretion in denying Schneider leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that district court may dismiss without leave to amend where amendment would be futile).

Schneider's challenges relating to the denial of a temporary restraining order or a preliminary injunction are moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir.1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

We reject Schneider's contention that the district court did not adequately notify him of his complaint's deficiencies or how to fix those deficiencies.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

13-16387

Schneider's motion for judicial notice, filed on February 10, 2014, is denied.

**AFFIRMED.**