[L. A. No. 5581.   In Bank.—July 3, 1918.]

WHITING-MEAD COMMERCIAL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURIES "ARISING OUT OF EMPLOYMENT."—Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment.

ID.—SMOKING HABIT—BURNS SUFFERED WHILE LIGHTING A CIGARETTE. An injury sustained by a workman from burns, caused by the ignition of a turpentine soaked bandage on a wounded hand, while he was lighting a match for the purpose of smoking a cigarette, arose out of his employment, the indulgence in the smoking habit being the satisfying of a natural want necessarily contemplated by the employer.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

R. L. Horton, for the Petitioner.

Christopher M. Bradley, for Respondents.

SLOSS, J.—The district court of appeal for the second appellate district issued a writ of review to test the validity of an award of compensation made by the Industrial Accident Commission. The proceeding resulted in a judgment affirming the award. Upon application of the employer the matter was transferred to this court. Our further examination has led us to a concurrence with the conclusions of the district court of appeal. We, therefore, adopt the opinion of that court, prepared by Works, J., *pro tem.*, as a correct statement of the facts and an adequate treatment of the questions of law arising on those facts. The opinion reads as follows:

"The Whiting-Mead Commercial Company was engaged in the business of wrecking houses and Miguel Duarte was one of its workmen. While at work on one of the company's jobs Duarte ran a nail into the palm of his right hand, but the wound was not so severe as to cause him to cease his work, although the hand had to be bandaged. Twice during the day, once at noon and once at about 3 o'clock, the bandage was soaked with turpentine by an agent of the company in an endeavor to alleviate the pain caused by the nail wound. Soon after the second application of the turpentine, Duarte temporarily ceased his labor and struck a match for the purpose of lighting a cigarette. The saturated bandage was ignited by the match and the hand was seriously burned. Duarte applied to the Industrial Accident Commission for compensation on account of the disability resulting from the burn and an award was made in his favor. The petitioner now asks that the award be annulled.

"At the time he was burned Duarte was in the course of his employment as a workman of the company, but it is contended that the injury did not arise out of the employment. There are many decided cases which bear more or less directly upon the question here presented. In one of them (*Martin v. Lovibond & Sons*, 7 B. W. C. C. 243), a drayman employed by a firm of brewers was run down by an automobile and killed. His hours of employment were from 8 in the morn-

ing until 9 in the evening, or later.   During his working hours he took no meals at home.   On the day of his death he left his team at the side of the street and crossed the way for the purpose of refreshing himself at a public house with a glass of beer.   He was in the public house about two minutes. While crossing the street to return to his dray he was killed. Compensation was allowed.   In two cases (*Archibald* v. *Ott,* 77 W. Va. 448, [L. R. A. 1916D, 1013, 87 S. E. 791] ; *Keenan* v. *Flemington Coal Co.,* 5 Sc. Sess. Cas., 5th series, 164, 10 Scott, L. T. 409), compensation was awarded for the result of accidents suffered while employees had left the actual performance of their work to procure drinking water.   In another case (*Carinduff* v. *Gilmore,* 7 B. W. C. C. 981), a girl who was employed on the top of a threshing-machine stopped her work to partake of refreshment provided by her employer and suffered an injury while so engaged.   Compensation was awarded. In one case (*Northwestern Iron Co.* v. *Industrial Accident Commission,* 160 Wis. 633, [152 N. W. 416]), it was held that an employee injured while warming himself during a labor which subjected him to the cold is entitled to compensation  In at least three cases (*Cook* v. *Manvers Main Collieries,* 7 B. W. C. C. 696; *Elliott* v. *Rex,* 6 B. W. C. C. 27; *Zabriskie* v. *Erie R. Co.,* 86 N. J. L. 266, [L. R. A. 1916A, 315, 92 Atl. 385]), compensation was allowed for injuries suffered by employees during absence from actual work in response to calls of nature. In a California case (*Brooklyn Min. Co.* v. *Industrial Accident Commission,* 172 Cal. 774, [159 Pac. 162]), a miner was proceeding from one working place in a mine to another, passing over the surface of the ground from shaft to shaft in order to reach the second point.   The day was very hot and he paused in the shade of an ore bin to rest.   The bin collapsed and killed him.   Compensation was awarded.

"From these cases there is deducible a rule which is thus stated in one of them (*Archibald* v. *Ott*) : 'Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment.   A man must breathe and occasionally drink water while at work.   In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work. . . .

That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incidental dangers. At the same time injuries occasioned by them are accidents resulting from the employment. Are we to place the use of tobacco in this list of ministrations to the comfort of the employed? Is its use necessarily contemplated in the course of such an employment as that in which Duarte was engaged? The petitioner, in answering these questions in the negative, places great dependence in the argument that tobacco is used to appease a self-created appetite and not a natural appetite. The argument does not appeal to us. In an endeavor to determine what indulgences of human beings are responsive to the demands of natural, what to unnatural, appetites, we should be carried to the depths of biological and physiological research. Such labor is not necessary. We have the tobacco habit with us and must deal with it as it is. It will not do to say that mankind would be better for a lack of the weed, even if that statement be true. Tobacco is universally recognized to be a solace to him who uses it, and it may be that such a one, unless he finally shakes off the habit, cannot perform the labors of his life as well without it as with it. In the present war one of the constantly recurring calls upon the public of the world is for tobacco for the comfort of the participants in the conflict. Nor are the books without their cases to the substantial effect that the employer must expect the employed to resort to the use of tobacco as a necessary adjunct to the discharge of his employment. (*M'Lauchlan* v. *Anderson*, 48 Sc. L. Rep. 349, 4 B. W. C. C. 376; *Manson* v. *Forth & Clyde S. S. Co.*, [1913] W. C. & I. Reps. 399; *Chludzinski* v. *Standard Oil Co.*, 176 App. Div. 87, [162 N. Y. Supp. 225].)

"The award is affirmed."

The case of *Haller* v. *City of Lansing*, 195 Mich. 753, [L. R. A. 1917E, 394, 162 N. W. 335], may be cited as an additional authority supporting the views expressed above.

The award is affirmed.

Melvin, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.

WILBUR, J., Concurring.—I concur.

In concurring I think it proper to say that although petitioner claims in its answer and argument that the applicant

should have been denied compensation, on the ground that his injury was the result of his own willful misconduct in violating a rule of the employer prohibiting workmen from smoking, the record contains no evidence tending to show the existence of any such rule, and we cannot, therefore, question the validity of the commission's finding that the injury was not caused by the willful misconduct of the employee.