[Civ. No. 14609.   Second Dist., Div. One.   Dec. 20, 1944.]

MAXIMINO MOLINO GARCIA, Appellant, v. SAMUEL S. YEDOR et al., Respondents.

Daly B. Robnett and Benjamin F. Kosdon for Appellant.

George H. Moore, Hugh B. Rotchford, Myron J. Glauber and Ralph L. Lupton for Respondents.

DRAPEAU, J. pro tem.—In this case the trial court rendered judgment on the pleadings.   Therefore, the only question to be determined is whether the amended complaint states a cause of action.   (*Union Flower M.* v. *Southern Cal. Flower M.*, 10 Cal.2d 671 [76 P.2d 503] ; *Bradley Co.* v. *Ridgeway*, 14 Cal.App.2d 326 [58 P.2d 194].)

The amended complaint alleges that defendants operated a die casting plant, with employees, machinery, tools and equipment; that the plaintiff was an employee of the defendants; that the plaintiff entered the plant before it was time for him to go to work, and went to a part of the plant where there was located a die casting machine operated by another employee of the defendants to visit with that employee; whereupon the machine was negligently started, thereby spattering molten metal into plaintiff's eye, and upon parts of his body to his consequent injury and damage.

Judgment for defendants was rendered upon the assumption that the plaintiff employee having been injured upon the premises of the employer, his only remedy was before the Industrial Accident Commission, in accordance with the workmen's compensation provisions of our Labor Code (Lab. Code, § 3601). This would be true if the only inference which may be drawn from the complaint is that the plaintiff was injured in the course of his employment.

■ With certain exceptions, it is settled law in this state that one injured coming or going to his work is not injured in the course of his employment. These exceptions are discussed in *Freire* v. *Matson Navigation Co.*, 19 Cal.2d 8 [118 P.2d 809]. In that case the employee was injured while on his way to work, and while he was upon a bulkhead leading to a pier from which he was to embark to reach his place of employment. The bulkhead was under the control of the employer. It was held that while the employee was not under the employer's control or management at the time of his injury, the bulkhead was the "means of access" to the pier from which the employee had to embark to reach his place of employment, and his remedy was under workmen's compensation. A somewhat similar situation existed in *Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300 [184 P. 1], where the employee was injured while using a path not controlled by the employer along a railroad right-of-way. His injuries were held to come within the provisions of the Workmen's Compensation Act [Stats. 1917, p. 831, as amended; Deering's Gen. Laws, 1937, Act 4749].

■ In the present case, taking the complaint by its four corners, as we must, the inference may be drawn that the plaintiff was not injured while following a necessary route on his way to work, but was hurt when he was engaged upon a

venture of his own. The fact that the accident was caused by a fellow employee, upon the employers' premises is not controlling. The test is whether or not the particular act involving accident and injury was reasonably contemplated by the employment. (*Whiting-Mead C. Co.* v. *Industrial Acc. Com.*, 178 Cal. 505 [173 P. 1105, 5 A.L.R. 1518].) Thus when a messenger deviated from his route for the purpose of going home to lunch, his injury did not arise out of and in the course of employment. (*Red Arrow Bonded Messenger Corp.* v. *Industrial Acc. Com.*, 39 Cal.App.2d 559 [103 P.2d 1004].) And an employee who returns after work to the employer's premises and is injured is not entitled to recover under workmen's compensation. (*State Department of Institutions* v. *Industrial Acc. Com.*, 46 Cal.App.2d 439 [116 P.2d 79].)

Under the facts alleged in the complaint the injury was occasioned while the employee was at a place and doing something not reasonably contemplated by his employment. The conditions of compensation do not concur, and the right in the plaintiff to recover is not exclusively under workmen's compensation.

The judgment is reversed.

York, P. J., and White, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 15, 1945. Traynor, J., and Spence, J., voted for a hearing.