[Civ. No. 8354.   Third Dist.   Apr. 19, 1954.]

FAY B. SEYMOUR, Appellant, v. SETZER FOREST PRODUCTS, INC. (a Corporation) et al., Respondents.

Thomas O'Hara and Robert A. Zarick for Appellant.

Russell A. Harris and Partridge, O'Connell & Whitney for Respondents.

PEEK, J.—This is an appeal by plaintiff from a judgment entered in favor of defendants following the order of the trial court sustaining defendants' demurrer to plaintiff's complaint without leave to amend.

The complaint alleged that defendant corporation operates an industrial plant, and in the course thereof, owns and operates a mechanical lumber carrier vehicle; that the defendant Dunn, while in the course of his employment by defendant corporation, so carelessly and negligently operated the same as to cause fatal injuries to plaintiff's husband, who was also an employee of the corporation; that the decedent was on the defendants' premises preparatory to going on duty for the afternoon shift; that it was a permitted practice for employees to enter the establishment and visit with one another during, before and after working hours; that decedent had so entered that portion of the plant where said lumber carrier was located prior to commencement of his afternoon shift, and at the time thereof was talking with other employees when the fatal accident occurred. The defendants' demurrer, among other things, charges that under the facts alleged plaintiff is limited to the recovery of compensation benefits under the provisions of the Labor Code of this state, and hence does not state a cause of action within the jurisdiction of the superior court.

In support of the judgment, defendants argue that where the conditions of section 3600 of the Labor Code are met, the Industrial Accident Commission has exclusive jurisdiction, and therefore as a matter of law, the superior court has no jurisdiction over the subject matter. We cannot agree with respondents' interpretation of the going and coming rule upon which it places principal reliance.

As stated in 27 California Jurisprudence 380 it is the general rule

". . . that injuries sustained by an employee while going to or coming from his place of employment do not come within the provisions of the Workmen's Compensation Act, although in a broad sense they may be said to be incidental to his employment. Exceptions to this general rule are made in

cases where an employee, either in his employer's or his own time, is going to or from his place of employment *on some substantial mission for his employer growing out of his employment. But to come within this exception, the mission must be the major factor in the journey or movement and not merely incidental thereto."* (Emphasis added.) ▇ Here it is alleged, and for the purposes of passing on the demurrer must be taken as true, that the decedent was in the plant on his own time several minutes before reporting for work. He was not in the place of the accident on a mission for his employer, nor was he there as a part of his employment. Furthermore, it cannot be said that his act in being where he was was reasonably contemplated by his employment.

A similar situation was presented in *Garcia* v. *Yedor,* 67 Cal.App.2d 367 [154 P.2d 1]. (Hearing in Supreme Court denied.) There the trial court rendered judgment on the pleadings on allegations showing that the plaintiff employee entered defendant's plant before it was time for him to go to work; that while visiting with another employee he was injured by the negligent act of such employee. There, as in this case, the action of the trial court was predicated upon its conclusion that the plaintiff employee's only remedy was before the Industrial Accident Commission. This, the court said ". . . would be true if the only inference which may be drawn from the complaint is that the plaintiff was injured in the course of his employment." After discussing the going and coming rule the court concluded—

"In the present case, taking the complaint by its four corners, as we must, the inference may be drawn that the plaintiff was not injured while following a necessary route on his way to work, but was hurt when he engaged upon a venture of his own. The fact that the accident was caused by a fellow employee, upon the employers' premises is not controlling. The test is whether or not the particular act involving accident and injury was reasonably contemplated by the employment. (*Whiting-Mead C. Co.* v. *Industrial Acc. Com.,* 178 Cal. 505 [173 P. 1105, 5 A.L.R. 1518].) Thus when a messenger deviated from his route for the purpose of going home to lunch, his injury did not arise out of and in the course of his employment. (*Red Arrow Bonded Messenger Corp.* v. *Industrial Acc. Com.,* 39 Cal.App.2d 559 [103 P.2d 1004].) And an employee who returns after work to the employer's premises and is injured is not entitled to recover under workmen's

compensation. (*State Department of Institutions* v. *Industrial Acc. Com.*, 46 Cal.App.2d 439 [116 P.2d 79].)''

Here, as in that case, the plaintiff was injured while engaged upon a venture of his own. It necessarily follows that——

''Under the facts alleged in the complaint the injury was occasioned while the employee was at a place and doing something not reasonably contemplated by his employment. The conditions of compensation do not occur, and the right in the plaintiff to recover is not exclusively under workmen's compensation.''

The judgment is reversed.

Van Dyke, P. J., and Paulsen, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.