[Civ. No. 31552.   Second Dist., Div. Three.   Sept. 8, 1967.]

CLYDE E. HEATH, Petitioner, v. WORKMEN'S COM-
PENSATION APPEALS BOARD, KLAAS BROS.,
INC. et al., Respondents.

236

Virgil V. Becker for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Nathan Mudge for Respondent board.

McCOY, J. pro tem.*—Clyde E. Heath, an applicant, petitions for review and annulment of an award of the Workmen's Compensation Appeals Board.

Applicant, a painter, injured his back on December 3, 1964, while pulling a heavy bucket of paint from the ground to the roof of a building. Upon his application for workmen's compensation benefits award issued against the employer's insurance carrier for permanent disability indemnity rated at 19 percent, payable at the maximum rate of $52.50 per week beginning November 6, 1965; reimbursement for the expense of certain medicines; further medical treatment consisting of the repair and replacement of a lumbosacral support; and medical-legal costs.

The referee found: the industrial injury caused permanent disability of 19 percent, after apportionment to nonindustrial causes of 30 percent of all permanent disability (rated at 27 percent); defendant did not fail or refuse to furnish necessary medical treatment and applicant was not entitled to

*Assigned by the Chairman of the Judicial Council.

reimbursement for self-procured medical treatment from Drs. Cunningham, Miller and Perry; applicant may require further medical treatment consisting of the repair and replacement of a lumbosacral support; applicant's earnings at the time of injury were $108.56 per week which entitled him to temporary disability indemnity at a weekly rate of $68.32 which is less than the maximum rate and to permanent disability indemnity at the maximum weekly rate; and applicant has been adequately compensated for all periods of temporary disability ending October 29, 1965, at the weekly rate of $68.32.

Applicant sought reconsideration by the appeals board contending as follows: (1) An independent medical examiner should have been appointed in view of the conflict in the evidence on the questions of his physical condition both before and after the injury, whether it had become permanent and stationary at the time found and whether he was in need of further medical treatment; (2) Dr. Perry's treatment was not self-procured as he had been referred to the doctor by the insurance carrier; (3) apportionment was improper as he had lost no time from work prior to the injury; and (4) a report showing his earnings at the time of injury and for the year preceding the injury, admitted in evidence and uncontradicted, required a finding that he was entitled to temporary disability benefits at the maximum weekly rate. He also requested that the board allow him to submit new medical evidence which would show that he had greater permanent disability than found by the referee and was in need of further medical treatment. Reconsideration was denied.

In the present petition for review applicant attacks with a shotgun. He now contends that there is no support in the evidence for any of the following express or implied findings: that defendant did not fail or refuse to furnish necessary medical treatment and that he is therefore not entitled to reimbursement for self-procured treatment by the three named doctors; that his condition was permanent and stationary after October 29, 1965; that the only need for medical treatment caused by the injury consists of repair and replacement of a lumbosacral support; that the factors of permanent disability caused by the injury are those set forth in the referee's instructions to the rating specialist; that the factors of permanent disability caused by the injury call for a rating of only 19 percent; that only 70 percent of his permanent disability was caused by the injury; that his weekly earnings

at the time of injury were only $108.56; and that he has been adequately compensated for all periods of temporary disability. Additionally, in his reply to the answer of the appeals board applicant asserts, for the first time, that the referee's instructions to the rating bureau and the rating were not timely served and he had no opportunity to object to the factors of disability and the rating prior to submission. In short, applicant contends that the award is inadequate in all respects.

No reason appears why all of these contentions could not have been presented in applicant's petition for reconsideration. ■■ Questions cannot be raised for the first time in a petition for review by the court. (*Bethlehem Pac. Coast Steel Corp.* v. *Industrial Acc. Com.,* 106 Cal.App.2d 373, 377 [235 P.2d 125]; *Alford* v. *Industrial Acc. Com.,* 28 Cal.2d 198, 206 [169 P.2d 641]; *Cowell* v. *Industrial Acc. Com.,* 11 Cal.2d 172, 179-180 [78 P.2d 1016].) ■■ All objections not set forth in a petition for reconsideration shall be deemed finally waived. (Lab. Code, § 5904.)

Our review is properly limited to those questions presented in the petition for review which were also raised in the petition for reconsideration, namely, the propriety of the findings that permanent disability should be apportioned, that applicant's weekly earnings were $108.56, and that he was fully compensated for temporary disability indemnity at the weekly rate of $68.32. We have noted, however in the course of reviewing the evidence in respect to the issue of apportionment that most of applicant's contentions are answered by the fact that the medical evidence is in conflict. ■■ It is elementary that a reviewing court cannot exercise its independent judgment on conflicting evidence. (Lab. Code, § 5952.)

In the present petition applicant does not reassert the objections which he raised in the petition for reconsideration in respect to the appointment of an independent medical examiner and to the procurement of Dr. Perry's services. In respect to the latter, it appears that it was never contended by defendant that applicant had procured or incurred any liability for the doctor's services.

In the present petition applicant renews his contention that apportionment of permanent disability was improper because, according to his uncontradicted testimony, prior to the injury he was never unable to work because of back pain. The applicant concedes that Dr. Armstrong, who examined him and

reviewed his medical records and X-rays, reported on November 3, 1965, that in his opinion only one-third of the residual permanent disability was due to the industrial injury. Now for the first time in his oral argument he contends that this report is insufficient to support the finding of apportionment because the doctor's opinion was based on an erroneous medical history. The latter contention is one which should have been presented to the appeals board. ■■■ The statutory provision that points not raised in a petition for reconsideration shall be deemed waived was obviously intended to give the appeals board an opportunity to rectify any errors made by the referee. In any event, there is no merit to either contention.

■■ Labor Code, section 4663, calls for an apportionment where any portion of residual permanent disability is attributable to nonindustrial causes. The question of whether any portion is attributable to nonindustrial causes is a question of fact upon which the decision of the appeals board is conclusive if its finding is supported by the evidence. (*Industrial Indem. Co. v. Industrial Acc. Com.*, 95 Cal.App.2d 443, 449-450 [213 P.2d 11].) ■■ In a case where the condition of the employee prior to injury is asymptomatic and nondisabling, a medical opinion is competent and generally required to resolve the question. (*Bowler v. Industrial Acc. Com.*, 135 Cal.App.2d 534, 542 [287 P.2d 562].)

The medical records reflect, and applicant does not deny, that he had intermittent periods of back pain for a number of years prior to the industrial incident. At one point in his report Dr. Armstrong makes reference to applicant's prior back trouble as "back injury" but a reading of the report clearly shows that he did not assume that applicant had sustained prior back injury in some traumatic incident as applicant contends. Upon examination of applicant on November 3. 1965, Dr. Armstrong reported that he observed in applicant's back a particular type of inflexibility from which, together with an elevated sedimentation rate, he formed the opinion that one-third of applicant's residual disability was attributable to rheumatoid spondylitis. Upon a subsequent examination of applicant on April 25, 1966, the doctor reported that he again observed this "characteristic generalized stiffness and inflexibility of his whole back without localized pain or tenderness and without neurological findings remotely resembling a disc pathology." From this, together with a second report that applicant had an elevated sedimen-

tation rate, he formed the opinion that all of the residual disability was attributable to rheumatoid arthritis.

Dr. Armstrong's opinion is competent evidence. The opinion of one physician is sufficient to support a finding in respect to disability. (*Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 122 [17 Cal.Rptr. 817, 367 P.2d 409].) ■ The finding that only 70 percent of permanent disability is attributable to the industrial injury is well within the range of the conflcting medical evidence here presented.

■ We have concluded that the findings in respect to temporary disability benefits cannot stand. At.the hearing the parties stipulated that certain facts were admitted. Among the stipulations was the following: "that the defendants have paid the sum of $3,211.06, as temporary total disability compensation for the period beginning December 4, 1964 through October 29, 1965, at the rate of $68.32, based on ear[n]ings of $108.36 per week." A report submitted by the applicant of his earnings for the year preceding injury was also admitted in evidence. However, it appears from the record that both the referee and the appeals board relied solely on the stipulation in finding that applicant's weekly earnings were $108.56 and that he was adequately compensated for temporary disability indemnity at the weekly rate of $68.32.

Applicant contends that the stipulation was not intended as a stipulation that his weekly earnings were only $108.56 or that he had been adequately compensated for temporary disability indemnity computed on that amount. The appeals board argues that it appears to have been so understood by all concerned. We find no evidence in the record which shows the intent of the parties. The stipulation is no more than an admission by applicant that he had been paid $3,211.06 as temporary disability indemnity. It is not an admission that the period of time, the rate of payment, or the weekly rate of earnings on which the sum was computed were correct. Nor is it an admission that the sum paid was full compensation for temporary disability indemnity. It does not support the findings in question.

Applicant contends that the report which he filed of his earnings for the year preceding the injury compels a finding that his earnings were maximum for purposes of computing temporary disability indemnity and an award for the additional compensation. It is clear, however, that the question of what his "average weekly earnings" were at the time of injury was not litigated because of the stipulation.

Inasmuch as the computation of benefits depends upon a determination of the applicant's average weekly earnings at the time of injury (Lab. Code, §§ 4453, 4653, 4658), the award is annulled and the matter is remanded to the appeals board for hearing and determination of that issue together with any necessary adjudgment in the computation of benefits.

Ford, P. J., and Moss, J., concurred.