MEMORANDUM **
Plaintiff-Appellant Gina Santangelo appeals the district court’s judgment dismissing this case following a grant of Defendant-Appellee Bridgestone/Firestone, Inc.’s (“Firestone”) motion for summary judgment. Firestone based its motion on the one-year statute of limitations for personal injury claims in California Code of Civil Procedure § 340(3) (West 1998), which the parties agree governs Santange-lo’s claims.[1]
Santangelo was injured on May 11,1998, when the Ford Explorer driven by her mother overturned. The alleged cause of the accident was tread separation of the left rear tire, which had been manufactured by Firestone. Santangelo filed suit on May 2, 2001, nearly three years later. Santangelo contends her claim did not accrue and the limitations period did not begin to run until August 2000, when de *729 fects in Firestone tires were widely reported by the media.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court’s order granting a motion for summary judgment based on the statute of limitations. Tucker v. Baxter Healthcare, 158 F.3d 1046, 1049 (9th Cir.1998). We affirm.
The question before us is when the statute of limitations began to run. Under California law, accrual of a cause of action, triggering the statute of limitations, generally begins “ ‘when, under the substantive law, the wrongful act is done,’ or the wrongful result occurs, and the consequent ‘liability arises....’” Norgart v. Upjohn Co., 21 Cal.4th 383, 397, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999) (citations omitted). The delayed discovery doctrine, however, “postpones accrual ... until the plaintiff discovers, or has reason to discover, the cause of action.” Id. (citations omitted). A plaintiff “has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements.” Id. at 398, 87 Cal.Rptr.2d 453, 981 P.2d 79. (emphasis added) (citation omitted).
Santangelo hired her first set of attorneys within a week of the accident. The attorneys inquired into a California Highway Patrol accident report that mentioned the tire tread separation, had the vehicle and tires impounded for preservation, and engaged a tire failure analyst to inspect the tires to determine if the tread separation was the result of defective manufacturing. All of this occurred in June of 1998. This is when Santangelo’s attorneys first had knowledge of facts giving them reason to suspect the tire might be defective; thus it is when the statute of limitations began to accrue. Knowledge of these facts by Santangelo’s attorneys is imputed to Santangelo because they were acting as her agent. Lazzarevich v. Lazzarevich, 39 Cal.2d 48, 50, 244 P.2d 1 (1952).[2]
Appellant cites Nelson v. Indevus Pharms., Inc., 142 Cal.App.4th 1202, 1206, 48 Cal.Rptr.3d 668 (Cal.Ct.App.2006), for the proposition that a suspicion cannot be imputed to the litigant. In Nelson, .the Court of Appeal held that the statute of limitations began to run when the plaintiff had a reason to discover her cause of action (when she saw an attorney’s ad on television and had a test that revealed a defect in her heart valve), not from the time when the danger of the drug was first publicized to the public at large.[3]
The key difference between Nelson and this case, which the dissent ignores, is that the general public had no duty to keep Nelson informed of facts that would give a reasonable person a reason to suspect she might have a cause of action. The general suspicion that the drug might cause heart problems was unknown to her, and no one was under a duty to tell her. Thus, the public’s general suspicion could not be imputed to her.
*730 Here, however, Santangelo’s attorney did have a duty to keep his client informed of all relevant facts. He was acting as her agent. Thus, under Lazzarevich, we must impute Santangelo’s attorney’s knowledge of the facts which demonstrate he had a reason to suspect the tire was defective to Santangelo. See also Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923 (Cal.1988) (holding that a plaintiff who suspects wrongdoing but is unaware of any specific facts establishing wrongful conduct on the part of the defendant, may not delay bringing an action until she discovers such facts or their legal significance).
The fact that Santangelo, through her attorney, pursued an investigation into whether the tire was defective supports the conclusion that Santangelo’s cause of action began to accrue in June 1998, regardless of the ultimate fruits of that investigation.[4]
The district court also correctly held the fraudulent concealment doctrine does not apply because Santangelo was already on notice of her potential claim. “The doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.” Rita M. v. Roman Catholic Archbishop, 187 Cal.App.3d 1453, 1460, 232 Cal.Rptr. 685 (1986); accord California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1409 n. 12 (9th Cir.1995).[5]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In 1998, California Code of Civil Procedure § 340(3) provided that actions for personal injury had to be brought within one year.

. While the client is charged with the neglect of his or her attorney, the client is not without redress because in case of such wrongdoing the law provides the client with a remedy against the attorney. Daley v. County of Butte, 227 Cal.App.2d 380, 391, 38 Cal.Rptr. 693 (1964); Hummel v. Hummel, 161 Cal.App.2d 272, 277, 326 P.2d 542 (1958). Thus, if Santangelo has any remedy at all, it would be against her original attorneys for malpractice.

. Cal. Ins. Guar. Ass'n v. Workers’ Comp. Appeals Bd., 163 Cal.App.4th 853, 77 Cal.Rptr.3d 868 (2008), also cited by Santangelo, does not apply here. There, the Court of Appeal was interpreting specific Worker’s Compensation statutes that deal with the accrual of a cause of action. No such statute applies here.

. Santangelo relies on In re Bridgestone/Firestone, Inc., 200 F.Supp.2d 983 (2002) (Mancuso ). The plaintiffs in Mancuso did not hire an attorney and an expert to look into possible tire defects, and they did not preserve the tires for possible suit against the manufacturer. These facts distinguish Santangelo’s case from Mancuso.

. Our decision that the fraudulent concealment doctrine does not apply here is supported by Mark K. v. Roman Catholic Archbishop, 67 Cal.App.4th 603, 79 Cal.Rptr.2d 73 (1998). There, several adult plaintiffs claiming to have been sexually abused as minors by clergyman sued the archdiocese, alleging the archdiocese was negligent in supervising and retaining the abusive clergy members, and fraud in a conspiracy to suppress relevant facts. The trial court consolidated the actions and sustained the archdiocese’s demurrer, without leave to amend. The Court of Appeal affirmed, holding that: (1) the victims’ allegations that they first became aware of certain facts related to the archdiocese’s conduct in 1996 were insufficient to toll the applicable statutes of limitations; (2) the church’s breach of duty occurred at time of abuse; (3) the victims' injuries resulting from the church’s conduct were incurred at the time of the abuse; and (4) the applicable statutes of limitations were not tolled by reason of delayed accrual or estoppel by concealment. Here, Santangelo is not suing another entity for attempting to cover up Firestone’s conduct. Rather she asserts that Firestone attempted to cover up its own negligence. But here, as in Mark K., Santangelo knew of her injury the moment it happened, and she had reason to suspect the tire was defective as soon as her attorney obtained the police report, hired a tire analyst, and obtained the car and tires for inspection.